JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
James A. Samsel and Amy L. Samsel, and Jerry Bowser and Delilah Bowser

**DEFENDANTS**
Western Express, Inc., Guffie Swink, IV, Watsontown Trucking Company, James A. Benge and Enver Becirevic

(b) County of Residence of First Listed Plaintiff   Clearfield
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Davidson County, TN
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jonathan Ostroff, Esq.; Ostroff Injury Law; 527 Plymouth Road, Plymouth Meeting, PA  19462

Attorneys (If Known)  Avrum Levicoff, Esq.; Levicoff, Silko & Deemer, P.C.; 650 Smithfield Street – Suite 1900, Pittsburgh, PA  15222

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

XX 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | XX 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | XX 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury |  | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 463 Habeas Corpus – Alien Detainee |  |  |
|  |  | ☐ 465 Other Immigration Actions |  |  |

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
X 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332 and 1441
Brief description of cause:
Claim for damages arising out of a multi-vehicle motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: XX Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE  8/31/11

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. SAMSEL and AMY L. SAMSEL, husband and wife, and JERRY BOWSER and DELILAH BOWSER, husband and wife,<br><br>     Plaintiffs,<br><br>  vs.<br><br>WESTERN EXPRESS, INC., GUFFIE SWINK, IV, WATSONTOWN TRUCKING COMPANY, JAMES A. BENGE and ENVER BECIREVIC,<br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   CIVIL ACTION NO. |

## NOTICE OF REMOVAL

AND NOW, comes the defendants, Western Express, Inc. ("W.E.") and Guffie Swink, IV ("Swink"), by and through their undersigned counsel and pursuant to 28 U.S.C. §1441, and removes the above-captioned case from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania, on the following grounds:

1.  On May 11, 2011, plaintiffs' instituted this cause of action by filing a Complaint seeking to recover damages relating to a chain-reaction multi-vehicle motor vehicle accident which fully and exclusively transpired in Clearfield County, Pennsylvania.  W.E. and Swink filed Preliminary Objections on June 10, 2011.  Thereafter, plaintiffs filed an Amended Complaint on June 28, 2011 and a Second Amended Complaint on July 12, 2011.  A true and correct copy of the Second Amended Complaint is attached hereto as Exhibit "A".  W.E. and Swink filed Preliminary Objections thereto on July 12, 2011.

2.      By Stipulation which was filed on August 22, 2011, all causes of action and claims by plaintiffs, James A. Samsel and Amy L. Samsel against defendants, James A. Benge and Watsontown Trucking Company were stricken and dismissed with prejudice.  A true and correct copy of the Stipulation is attached hereto as Exhibit "B".

3.      The Amended Complaint sets forth separate and independent claims by the plaintiffs against the defendants.   At this time, the prerequisites to this Court's original jurisdiction on grounds of diversity of citizenship and amount in controversy under 28 U.S.C. §1332 are met as to the claims by James A. Samsel and Amy L. Samsel against W.E., Swink and Envir Becirivic ("Becirivic").

4.      In the Complaint, plaintiffs, James A. Samsel and Amy L. Samsel allege that they are citizens of Pennsylvania, and that the defendants, W.E., Swink, and Becirevic are citizens of Tennessee, Alabama, and Georgia, respectively.

5.      The plaintiffs also allege that the amount in controversy is in excess of the jurisdictional limits of Philadelphia County requiring compulsory arbitration.  Pursuant to the Philadelphia County Local Rules of Court the compulsory arbitration jurisdictional limit is $50,000.00 or less.  Phila.Civ.R. 1301.  However, based upon information and belief, the amount in controversy is in excess of $75,000.00.

6.    Accordingly, the prerequisites to this Court's original jurisdiction on grounds of diversity of citizenship under 28 U.S.C. §1332 are met, and this case is therefore properly removed to this Court based upon 28 U.S.C. §1441.

WHEREFORE, defendants give notice of the removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

LEVICOFF, SILKO & DEEMER, P.C.

By_____
Avrum Levicoff, Esquire
PA I.D. #26044

Elizabeth E. Deemer, Esquire
PA I.D. #58232

Melissa A. Walls, Esquire
PA I.D. #89264

Firm I.D. No. 245
1900 Centre City Tower
650 Smithfield Street
Pittsburgh, PA  15222
(412) 434-5200

*Attorneys for Defendants -- Western Express Inc. and Guffie Swink, IV*

ANAPOL, SCHWARTZ, WEISS, COHAN,
 FELDMAN & SMALLEY, P.C.
BY:    JAMES R. RONCA, ESQUIRE
       MICHAEL C. SCHAFLE, ESQUIRE
I.D. NOS.: 25631 and 94298
252 Boas Street
Harrisburg, PA  17102
(717) 901-3500
(717) 909-0300 fax
jronca@anapolschwartz.com
mschafle@anapolschwartz.com



Attorneys for Plaintiffs Jerry Bowser
and Deliliah Bowser

OSTROFF INJURY LAW
BY: JONATHAN OSTROFF, ESQUIRE
I.D. NO. 57968
527 Plymouth Rd.
Plymouth Meeting, PA 19462
(610)279-7000
(484)351-0355 fax
jostroff@ostoffinjurylaw.com

Attorneys for Plaintiffs James A.
Samsel and Amy L. Samsel

| | | |
|---|---|---|
| JERRY BOWSER and DELILIAH BOWSER, Husband and Wife; JAMES A. SAMSEL and AMY L. SAMSEL, Husband and Wife, | : : : : | IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY, PA |
| Plaintiffs | : | |
| v. | : : | May Term, 2011 |
| WESTERN EXPRESS, INC.; GUFFIE SWINK, IV;: WATSONTOWN TRUCKING COMPANY; JAMES A. BENGE; and ENVER BECIREVIC, Defendants | : : : | NO. 001293 |
| | : | JURY TRIAL DEMANDED |

### PLAINTIFFS' SECOND AMENDED COMPLAINT

AND NOW, come Plaintiffs Jerry Bowser and Delilah Bowser, by and through their attorneys, Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley, P.C.; and Plaintiffs James A. Samsel and Amy L. Samsel, by and through their attorneys, Ostroff Injury Law, and hereby aver as follows in their Amended Complaint:

1.     Plaintiffs Jerry and Delilah Bowser are adult individuals and citizens of the State of Michigan, residing at 314 South Street, Mesick, MI 49668.

- 1 -



Case ID: 110501293

2.      Plaintiffs James A. Samsel, and Amy L. Samsel are adult individuals and citizens of the Commonwealth of Pennsylvania, residing at 8146 Gillingham Rd., Frenchville, PA 16836.

3.      Defendant Western Express, Inc., (d/b/a Western Express), upon information and belief, is a trucking and hauling company with its principal place of business located at 7135 Centennial Place, Nashville, TN 37209.   At all times relevant, Defendant Western Express, Inc. was the owner of a 2007 Freightliner semi-truck, bearing Tennessee license plate # 460200HZ and VIN # 1FUJA6CK27DY80888.

4.      At all time relevant hereto, Defendant Western Express, Inc. regularly transacted business operations within the Commonwealth of Pennsylvania and Philadelphia County, namely, distributing, transporting, shipping, carrying, moving goods and/or commodities into the stream of commerce within the Commonwealth and the County.

5.      Defendant, Guffie Swink ("Swink"), upon information and belief, is an adult individual residing at 1908 Friendship Road, Apt. B1, Oxford, AL 36203-3843. At all times relevant hereto, Defendant Swink was an employee-driver for Defendant Western Express, Inc. acting with the course and scope of his employment and furthering his employer's business interests.

6.      Defendant Watsontown Trucking Company, upon information and belief, is a trucking and hauling company with its principal place of business located at 60 Belford Blvd, Milton, PA 17847.   At all times relevant, Defendant Watsontown Trucking Company was the owner of a 2009 Volvo tractor-trailer, bearing Pennsylvania license plate # AE29622 and VIN # 4V4NC9THX9N265161.

7.      Defendant James A. Benge, upon information and belief, is an adult individual residing at 1215 Cedarwood Dr., Mineral Ridge, OH 44440. At all times relevant hereto, Defendant

Case ID: 110501293

Benge was an employee-driver for Defendant Watsontown Trucking Company acting with the course and scope of his employment and furthering his employer's business interests.

8.     Defendant Watsontown Trucking Company is a large trucking company with over 225 trucks and 600 trailers and advertises that it operates in 48 states.

9.     At all time relevant hereto, Defendant Watsontown Trucking Company regularly transacted business operations within the Commonwealth of Pennsylvania and Philadelphia County, namely, distributing, transporting, shipping, carrying, moving goods and/or commodities into the stream of commerce within the Commonwealth and the County.

10.     Defendant Enver Becirevic, upon information and belief, is an adult individual residing at 242 Bainbridge Circle, Dallas, GA 30132.

11.     On or about February 10, 2010, Defendant Swink was expressly or impliedly permissively driving Defendant Western Express, Inc.'s 2007 Freightliner tractor-trailer truck, bearing Tennessee license plate # 460200HZ and VIN # 1FUJA6CK27DY80888.

12.     Upon information and belief, at the time in question, Defendant Swink was hauling a load of approximately 8,000 pounds of materials destined for delivery to Home Depot in Connecticut pursuant to the company's agreement with Defendant Western Express, Inc.  The load was scheduled to be delivered to Home Depot in Connecticut at 8AM on February 10, 2010.

13.     At all times relevant hereto, the 2007 Freightliner tractor-trailer, bearing Tennessee license plate # 460200HZ and VIN # 1FUJA6CK27DY80888 and owned by Defendant Western Express, Inc., was approximately 25,000 miles past due for service.

14.     Upon information and belief, at all times relevant hereto on Interstate-80, visibility was poor and the roadway was covered with snow as a result of blizzard-like conditions in the area in which Plaintiffs and Defendant Swink were traveling.

Case ID: 110501293

15.     Upon information and belief, at approximately 5:30AM on February 10, 2010, Defendant Swink advised the night dispatcher at Western Express, Inc. that the roadways on which he was driving were snow-covered and not safe.

16.     Upon information and belief, during the aforementioned conversation with the night dispatcher, Defendant Swink advised that Western Express, Inc. might want to reschedule the load in his trailer rather than have Mr. Swink continue operating his tractor-trailer on unsafe roadways and in an unsafe manner in order to reach his destination at the appropriate delivery time.

17.     Upon information and belief, the night dispatcher instructed to wait until the day dispatcher arrived before an appointment would be changed. Defendant Swink was never contacted by the Defendant Western Express' day dispatcher nor did the night dispatcher alter his appointment.

18.     At approximately 9:30AM on February 10, 2010, Defendant Swink was traveling East on Interstate-80 in Lawrence Township, Clearfield County, Pennsylvania.  He was already late for his scheduled delivery time at Home Depot in Connecticut.

19.     At the same time on or about February 10, 2010, Plaintiff Jerry Bowser was operating a 2001 Volvo tractor-trailer truck owned by his employer J.L. Smith Trucking Co., Inc., East on Interstate-80 in Lawrence Township, Clearfield County, Pennsylvania, at some unknown distance behind the tractor-trailer operated by Defendant Swink and owned by Defendant Western Express, Inc.  The tractor being driven by Bowser was pulling a refrigerated trailer known as a "reefer."

20.     At the same time on or about February 10, 2010, Plaintiff James Samsel was operating a 2007 Freightliner tractor-trailer truck owned by Ryder Truck Rental, Inc., East on Interstate-80 in Lawrence Township, Clearfield County, Pennsylvania, at some unknown distance behind the tractor-trailer operated by Defendant Swink and owned by Defendant Western Express, Inc.

- 4 -

21.     Upon information and belief, at the aforesaid time and place, Defendant Swink negligently and recklessly lost control of the tractor-trailer owned by Defendant Western Express, Inc. causing the truck to jackknife across Interstate-80 and block both eastbound lanes of traffic.

22.     Upon information and belief, on the date and time in question, Defendant Swink was operating said tractor-trailer at an excessive rate of speed given the weather conditions Interstate-80 in an attempt to reach his destination in a timely manner.

23.     As a result of negligently and recklessly losing control of his tractor-trailer, Defendant Swink caused a chain reaction of collisions eventually involving 17 total vehicles and resulting in multiple injuries.

24.     Plaintiff Bowser, in an attempt to avoid the collisions blocking the roadway, conducted a lane change from the right lane to the left lane of Interstate-80. However, because both lanes were blocked, Plaintiff Bowser's tractor-trailer, plaintiff had nowhere to go so he maneuvered his vehicle as best he could between the stopped and jackknifed vehicles, resulting in some impact and some minor damage but no injuries.

25.     At the same time, Defendant Benge was driving a 2009 Volvo truck tractor owned by Defendant Watsontown Trucking Company, pulling a van or enclosed box trailer also owned by Defendant Watsontown. In a statement to the police, Defendant Benge said "I was about 1 ½ truck lengths behind the reefer. There was nothing I could do and no place that I could go. I tried to stop but I couldn't. I hit the reefer and the other trucks hit me from behind." Defendant Benge stated his speed was 40-45 miles per hour at the time. Plaintiffs Jerry and Delilah Bowser believe and therefore aver that Defendant Benge struck the vehicle occupied by Jerry Bowser.

26.     At the same time, Defendant Becirevic was operating a 2002 Freightliner Columbia tractor pulling a van or enclosed box trailer owned by Salim Bajric. In a statement to the police,

Case ID: 110501293

Defendant Becirevic said "I was in the right lane and the truck ahead of me saw the accident. I think he hit another truck. I tried to stop and no can stop. I hit the truck in front of me or another truck. I don't know I'm not sure. I saw the trailer in front of me. I think maybe me and the other truck hit the same trailer I'm not sure." Defendant Becirevic stated he was going 45 miles per hour at the time. Plaintiffs Jerry and Delilah Bowser believe and therefore aver that Defendant Becirevic stuck the vehicle occupied by Jerry Bowser.

27.    Plaintiff James Samsel, in an attempt to avoid the collisions blocking the roadway, which were the direct result of the negligent and careless actions of Defendants, Swink, Benge, and Becirevic, left his lane of travel and entered the right side highway shoulder, striking the right side guardrail located on Interstate-80 and ultimately traveling down the right side embankment on the side of Interstate-80. Plaintiff Samsel's tractor-trailer did not strike or come in contact with any other motor vehicles on the roadway.

28.    As a result of the aforementioned collisions, Plaintiff Jerry Bowser was caused to suffer serious, severe, and permanently disabling injuries including, but not limited to a complete traumatic disruption of the pelvic circle with multiple fractures requiring surgical intervention in the form of open reduction internal fixation; laceration to the dorsum of the right index finger; a large complex laceration to his lower left leg; tendon tears in his right shoulder, bicep, and index finger; and an abdominal chest wall contusion.

29.    As a result of the aforementioned collisions, Plaintiff James Samsel was caused to suffer serious, severe, and permanently disabling injuries including, but not limited to a concussion, vertigo, head trauma, cuts on top of head requiring sutures, bruised ribs, dizziness, passing out, and bulging discs in his neck, as well as additional injuries to his head, neck, back and limbs.

Case ID: 110501293

30.     As a direct and proximate result of the negligence and recklessness of Defendants, Plaintiff Jerry Bowser was trapped in the cab of his tractor-trailer pinned down by the dashboard and steering wheel and unable to be exit under his own power.  He was subsequently extricated from vehicle and taken to Clearfield Hospital on an emergent basis.

31.     As a direct and proximate result of the negligence and recklessness of Defendants aforesaid, Plaintiff Jerry Bowser incurred medical expenses for the care and treatment of his injuries.

32.     As a direct and proximate result of the negligence and recklessness of Defendants aforesaid, Plaintiff, James Samsel incurred medical expenses for the care and treatment of his injuries.

33.     As a direct and proximate result of the negligence and recklessness of Defendants aforesaid, Plaintiff Jerry Bowser has suffered a loss of earnings and earning capacity as a result of the serious injuries he sustained.

34.     As a direct and proximate result of the negligence and recklessness of Defendants aforesaid, Plaintiff, James Samsel has suffered a loss of earnings and earning capacity as a result of the serious injuries he sustained.

35.     As a direct and proximate result of the negligence and recklessness of Defendants aforesaid, Plaintiff Jerry Bowser has suffered loss of life's pleasures.

36.     As a direct and proximate result of the negligence and recklessness of Defendants aforesaid, Plaintiff, James Samsel has suffered loss of life's pleasures.

37.     As a direct and proximate result of the negligence and recklessness of Defendants aforesaid, Plaintiff Jerry Bowser has undergone in the past and in the future will continue to undergo great pain and suffering.

Case ID: 110501293

38.    As a direct and proximate result of the negligence and recklessness of Defendants aforesaid, Plaintiff, James Samsel has undergone in the past and in the future will continue to undergo great pain and suffering.

39.    The above-described accident resulted solely from the negligence, carelessness and recklessness of the Defendants herein and was due in no manner whatsoever to any act or failure to act on the part of Plaintiffs Jerry Bowser or James Samsel.

## COUNT I
## PLAINTIFF JAMES SAMSEL v. DEFENDANT GUFFIE SWINK
## NEGLIGENCE

40.    Plaintiffs incorporate herein by reference, the allegations contained in paragraphs 1 through 39 of the Complaint as if the same were fully set forth herein at length.

41.    The negligence, carelessness, and recklessness of the Defendant Swink consisted of the following:

    a.    operating his motor vehicle at a high, dangerous, and excessive rate of speed under the circumstances;

    b.    failure to operate his vehicle with due regard for the rights and safety of others on the highway;

    c.    failure to exercise due care and caution under the circumstances;

    d.    failure to keep his vehicle under proper control;

    e.    failing to operate his vehicle in accordance with existing traffic conditions and traffic controls;

    f.    failure to operate his vehicle at a safe speed;

    g.    failure to abide by the laws of the Commonwealth of Pennsylvania and applicable provisions of the Federal Motor Carrier Safety Regulations because

Case ID: 110501293

he recognized that the roads were too hazardous to continue operation yet he continued to operate his vehicle;

h.    operating his motor vehicle without due regard to the rights, safety, and position of Plaintiffs and other drivers on the roadway;

i.    illegally or improperly operating his vehicle while performing duties for purposes of his employment;

j.    failure to keep his motor vehicle under proper and adequate control at all times;

l.    operating a tractor-trailer without proper training for winter driving;

m.    improperly applying his brakes under the then present road and weather conditions

n.    such other and further acts of negligence, carelessness and recklessness as will be developed by future discovery in this case;

42.    As a direct and proximate result of the collisions and Defendant Swink's negligence, carelessness, and recklessness, Plaintiff James Samsel sustained, inter alia, the severe and disabling injuries outlined above which are averred to be permanent.

43.    All paragraphs of the Plaintiffs' Complaint relating to injuries and damages are incorporated herein by reference and made a part hereof as if set forth in full.

44.    The injuries sustained by Plaintiff James Samsel were a direct and proximate result of the aforesaid negligence of the Defendants and were not caused or contributed to by any conduct of any of the Plaintiffs.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Swink in an amount in excess of jurisdictional limits requiring compulsory arbitration, plus lawful interest and

Case ID: 110501293

costs, delay damages pursuant to Pa.R.C.P. 238, and any other relief as the Court may deem just and equitable.

## COUNT II
## PLAINTIFF JERRY BOWSER v. DEFENDANT GUFFIE SWINK NEGLIGENCE

45.     Plaintiffs incorporate herein by reference, the allegations contained in paragraphs 1 through 44 of the Complaint as if the same were fully set forth herein at length.

46.     The negligence, carelessness, and recklessness of the Defendant Swink consisted of the following:

    a.     operating his motor vehicle at a high, dangerous, and excessive rate of speed under the circumstances;

    b.     failure to operate his vehicle with due regard for the rights and safety of others on the highway;

    c.     failure to exercise due care and caution under the circumstances;

    d.     failure to keep his vehicle under proper control;

    e.     failing to operate his vehicle in accordance with existing traffic conditions and traffic controls;

    f.     failure to operate his vehicle at a safe speed;

    g.     failure to abide by the laws of the Commonwealth of Pennsylvania and applicable provisions of the Federal Motor Carrier Safety Regulations because he recognized that the roads were too hazardous to continue operation yet he continued to operate his vehicle;

    h.     operating his motor vehicle without due regard to the rights, safety, and position of Plaintiffs and other drivers on the roadway;

- 10 -

    i.      illegally or improperly operating his vehicle while performing duties for purposes of his employment;

    j.      failure to keep his motor vehicle under proper and adequate control at all times;

    l.      operating a tractor-trailer without proper training for winter driving;

    m.    improperly applying his brakes under the then present road and weather conditions

    n.     such other and further acts of negligence, carelessness and recklessness as will be developed by future discovery in this case;

47.    As a direct and proximate result of the collisions and Defendant Swink's negligence, carelessness, and recklessness, Plaintiff Jerry Bowser sustained, inter alia, the severe and disabling injuries outlined above which are averred to be permanent.

48.    All paragraphs of Plaintiffs' Complaint relating to injuries and damages are incorporated herein by reference and made a part hereof as if set forth in full.

49.    The injuries sustained by Plaintiff Jerry Bowser were a direct and proximate result of the aforesaid negligence of the Defendants and were not caused or contributed to by any conduct of any of the Plaintiffs.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Swink in an amount in excess of jurisdictional limits requiring compulsory arbitration, plus lawful interest and costs, delay damages pursuant to Pa.R.C.P. 238, and any other relief as the Court may deem just and equitable.

Case ID: 110501293

## COUNT III
## PLAINTIFF JAMES SAMSEL v. DEFENDANT WESTERN EXPRESS, INC.
## VICARIOUS LIABILITY AND NEGLIGENCE

50.     Paragraphs 1 through 49 of the Complaint are incorporated herein by reference and made a part thereof as if set forth in full.

51.     At the time of the subject accident, Defendant Swink was acting as a servant, agent, ostensible agent and/or employee of Defendant Western Express, Inc.

52.     Defendant Western Express, Inc. is responsible for and vicariously liable for the consequences of the actions and inactions of its employee, servant, agent and/or ostensible agent, Defendant Swink.

53.     All paragraphs of the Plaintiffs' Complaint relating to injuries and damages are incorporated herein by reference and made a part hereof as if set forth in full.

54.     The injuries sustained by Plaintiff James Samsel were a direct and proximate result of the aforesaid negligence of the Defendants and were not caused or contributed to by any conduct of any of the Plaintiffs.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Western Express, Inc. in an amount in excess of jurisdictional limits requiring compulsory arbitration, plus lawful interest and costs, delay damages pursuant to Pa.R.C.P. 238, and any other relief as the Court may deem just and equitable.

## COUNT IV
## PLAINTIFF JERRY  BOWSER v. DEFENDANT WESTERN EXPRESS, INC.
## VICARIOUS LIABILITY AND NEGLIGENCE

55.     Paragraphs 1 through 54 of the Complaint are incorporated herein by reference and made a part thereof as if set forth in full.

Case ID: 110501293

56.     At the time of the subject accident, Defendant Swink was acting as a servant, agent, ostensible agent and/or employee of Defendant Western Express, Inc.

57.     Defendant Western Express, Inc. is responsible for and vicariously liable for the consequences of the actions and inactions of its employee, servant, agent and/or ostensible agent, Defendant Swink.

58.     All paragraphs of the Plaintiffs' Complaint relating to injuries and damages are incorporated herein by reference and made a part hereof as if set forth in full.

59.     The injuries sustained by Plaintiff Jerry Bowser were a direct and proximate result of the aforesaid negligence of the Defendants and were not caused or contributed to by any conduct of any of the Plaintiffs.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Western Express, Inc. in an amount in excess of jurisdictional limits requiring compulsory arbitration, plus lawful interest and costs, delay damages pursuant to Pa.R.C.P. 238, and any other relief as the Court may deem just and equitable.

## COUNT V
### PLAINTIFF JAMES SAMSEL v. DEFENDANT WESTERN EXPRESS, INC. CORPORATE NEGLIGENCE

60.     Paragraphs 1 through 59 above are incorporated herein by reference and made a part hereof.

61.     Defendant Western Express, Inc. negligence, carelessness, recklessness, wanton and grossly negligent conduct consisted, *inter alia*, of:

> a.      negligently entrusting a motor vehicle to an individual Defendants knew or should have known to have the propensities for failure operate a vehicle in adverse weather conditions;

- 13 -

b.      negligently entrusting a motor vehicle to an individual Defendant knew or should have known to have the propensities for the operation of the vehicle at an excessive rate of speed under the circumstances;

c.      permitting a motor vehicle onto the highways and roadways when Defendant knew or should have known that the vehicle was unsafe;

d.      failing to properly train and supervise agents, ostensible agents, servants, borrowed servants, workmen and /or employees, including but not limited to Defendant Swink;

e.      failure to discontinue Defendant Swink's route despite the adverse weather conditions;

f.      encouraging Defendant Swink to continue operating the tractor-trailer and complete his delivery in the bad weather conditions thus putting people at risk;

g.      failure to comply with the standards promulgated by the Federal Motor Carrier Safety Administration; and

h.      such other and further acts of negligence, carelessness and recklessness as will be developed by future discovery in this case.

62.     The injuries sustained by Plaintiff were a direct and proximate result of the aforesaid negligence of the Defendants and were not caused or contributed to by any conduct of any of the Plaintiffs.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Western Express, Inc., in an amount in excess of jurisdictional limits requiring compulsory arbitration, plus lawful interest and costs, delay damages pursuant to Pa.R.C.P. 238, punitive damages, and any other relief as the Court may deem just and equitable.

### COUNT VI
### PLAINTIFF JERRY BOWSER v. DEFENDANT WESTERN EXPRESS, INC. CORPORATE NEGLIGENCE

63.     Paragraphs 1 through 62 above are incorporated herein by reference and made a part hereof.

- 14 -

64.     Defendant Western Express, Inc. negligence, carelessness, recklessness, wanton and grossly negligent conduct consisted, *inter alia*, of:

        a.     negligently entrusting a motor vehicle to an individual Defendants knew or should have known to have the propensities for failure operate a vehicle in adverse weather conditions;

        b.     negligently entrusting a motor vehicle to an individual Defendant knew or should have known to have the propensities for the operation of the vehicle at an excessive rate of speed under the circumstances;

        c.     permitting a motor vehicle onto the highways and roadways when Defendant knew or should have known that the vehicle was unsafe;

        d.     failing to properly train and supervise agents, ostensible agents, servants, borrowed servants, workmen and /or employees, including but not limited to Defendant Swink;

        e.     failure to discontinue Defendant Swink's route despite the adverse weather conditions;

        f.     encouraging Defendant Swink to continue operating the tractor-trailer and complete his delivery in the bad weather conditions thus putting people at risk;

        g.     failure to comply with the standards promulgated by the Federal Motor Carrier Safety Administration; and

        h.     such other and further acts of negligence, carelessness and recklessness as will be developed by future discovery in this case.

65.     The injuries sustained by Plaintiff were a direct and proximate result of the aforesaid negligence of the Defendants and were not caused or contributed to by any conduct of any of the Plaintiffs.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Western Express, Inc., in an amount in excess of jurisdictional limits requiring compulsory arbitration, plus lawful interest and costs, delay damages pursuant to Pa.R.C.P. 238, punitive damages, and any other relief as the Court may deem just and equitable.

Case ID: 110501293

## COUNT VII
### PLAINTIFF JAMES SAMSEL v. DEFENDANT JAMES A. BENGE
### NEGLIGENCE

66.     Plaintiffs incorporate herein by reference, the allegations contained in paragraphs 1 through 65 of the Complaint as if the same were fully set forth herein at length.

67.     The negligence, carelessness, and recklessness of the Defendant Benge consisted of the following:

a.      operating his motor vehicle at a high, dangerous, and excessive rate of speed under the circumstances;

b.      failure to operate his vehicle with due regard for the rights and safety of the Plaintiffs;

c.      failure to exercise due care and caution under the circumstances;

d.      failure to keep his vehicle under proper control;

e.      failing to operate his vehicle in accordance with existing traffic conditions and traffic controls;

f.      failure to operate his vehicle at a safe speed;

g.      failure to abide by the laws of the Commonwealth of Pennsylvania and applicable provisions of the Federal Motor Carrier Safety Regulations;

h.      operating his motor vehicle without due regard to the rights, safety, and position of Plaintiff and other drivers on the roadway;

i.      illegally or improperly operating his vehicle while performing duties for purposes of his employment;

j.      failure to keep his motor vehicle under proper and adequate control at all times;

- 16 -

Case ID: 110501293

k.      Failure to stop within the assured clear distance ahead;

l.      Failure to keep a sufficient following distance;

m.     such other and further acts of negligence, carelessness and recklessness as will be developed by future discovery in this case;

68.    As a direct and proximate result of the collisions and Defendant Benge's negligence, carelessness, and recklessness, Plaintiff James Samsel sustained, inter alia, the severe and disabling injuries outlined above which are averred to be permanent.

69.    All paragraphs of the Plaintiffs' Complaint relating to injuries and damages are incorporated herein by reference and made a part hereof as if set forth in full.

70.    The injuries sustained by Plaintiff were a direct and proximate result of the aforesaid negligence of the Defendant and were not caused or contributed to by any conduct of any of the Plaintiffs.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Benge in an amount in excess of jurisdictional limits requiring compulsory arbitration, plus lawful interest and costs, delay damages pursuant to Pa.R.C.P. 238, and any other relief as the Court may deem just and equitable.

## COUNT VIII
## PLAINTIFF JERRY BOWSER v. DEFENDANT JAMES A. BENGE
## NEGLIGENCE

71.    Plaintiffs incorporate herein by reference, the allegations contained in paragraphs 1 through 70 of the Complaint as if the same were fully set forth herein at length.

72.    The negligence, carelessness, and recklessness of the Defendant Benge consisted of the following:

- 17 -

Case ID: 110501293

a.    operating his motor vehicle at a high, dangerous, and excessive rate of
      speed under the circumstances;

b.    failure to operate his vehicle with due regard for the rights and safety of
      the Plaintiffs;

c.    failure to exercise due care and caution under the circumstances;

d.    failure to keep his vehicle under proper control;

e.    failing to operate his vehicle in accordance with existing traffic conditions
      and traffic controls;

f.    failure to operate his vehicle at a safe speed;

g.    failure to abide by the laws of the Commonwealth of Pennsylvania and
      applicable provisions of the Federal Motor Carrier Safety Regulations;

h.    operating his motor vehicle without due regard to the rights, safety, and
      position of Plaintiff and other drivers on the roadway;

i.    illegally or improperly operating his vehicle while performing duties for
      purposes of his employment;

j.    failure to keep his motor vehicle under proper and adequate control at all
      times;

k.    Failure to stop within the assured clear distance ahead;

l.    Failure to keep a sufficient following distance;

m.    such other and further acts of negligence, carelessness and recklessness as
      will be developed by future discovery in this case;

- 18 -

73.     As a direct and proximate result of the collisions and Defendant Benge's negligence, carelessness, and recklessness, Plaintiff Jerry Bowser sustained, inter alia, the severe and disabling injuries outlined above which are averred to be permanent.

74.     All paragraphs of Plaintiffs' Complaint relating to injuries and damages are incorporated herein by reference and made a part hereof as if set forth in full.

75.     The injuries sustained by Plaintiff were a direct and proximate result of the aforesaid negligence of the Defendant and were not caused or contributed to by any conduct of any of the Plaintiffs.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Benge in an amount in excess of jurisdictional limits requiring compulsory arbitration, plus lawful interest and costs, delay damages pursuant to Pa.R.C.P. 238, and any other relief as the Court may deem just and equitable.

## COUNT IX
## PLAINTIFF JAMES SAMSEL v. DEFENDANT WATSONTOWN TRUCKING COMPANY
## VICARIOUS LIABILITY AND NEGLIGENCE

76.     Paragraphs 1 through 75 of the Complaint are incorporated herein by reference and made a part thereof as if set forth in full.

77.     At the time of the subject accident, Defendant Benge was acting as a servant, agent, ostensible agent and/or employee of Defendant Watsontown Trucking Company.

78.     Defendant Watsontown Trucking Company is responsible for and vicariously liable for the consequences of the actions and inactions of its employee, servant, agent and/or ostensible agent, Defendant Benge.

- 19 -

79.     All paragraphs of Plaintiff's Complaint relating to injuries and damages are incorporated herein by reference and made a part hereof as if set forth in full.

80.     The injuries sustained by Plaintiff were a direct and proximate result of the aforesaid negligence of the Defendants and were not caused or contributed to by any conduct of any of the Plaintiffs.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Watsontown Trucking Company. in an amount in excess of jurisdictional limits requiring compulsory arbitration, plus lawful interest and costs, delay damages pursuant to Pa.R.C.P. 238, and any other relief as the Court may deem just and equitable.

## COUNT X
## PLAINTIFF JERRY BOWSER v. DEFENDANT WATSONTOWN TRUCKING COMPANY VICARIOUS LIABILITY AND NEGLIGENCE

81.     Paragraphs 1 through 80 of Plaintiffs' Complaint are incorporated herein by reference and made a part thereof as if set forth in full.

82.     At the time of the subject accident, Defendant Benge was acting as a servant, agent, ostensible agent and/or employee of Defendant Watsontown Trucking Company.

83.     Defendant Watsontown Trucking Company is responsible for and vicariously liable for the consequences of the actions and inactions of its employee, servant, agent and/or ostensible agent, Defendant Benge.

84.     All paragraphs of Plaintiff's Complaint relating to injuries and damages are incorporated herein by reference and made a part hereof as if set forth in full.

85.     The injuries sustained by Plaintiff were a direct and proximate result of the aforesaid negligence of the Defendants and were not caused or contributed to by any conduct of any of the Plaintiffs.

Case ID: 110501293

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Watsontown Trucking Company. in an amount in excess of jurisdictional limits requiring compulsory arbitration, plus lawful interest and costs, delay damages pursuant to Pa.R.C.P. 238, and any other relief as the Court may deem just and equitable.

### COUNT XI
### PLAINTIFF JAMES SAMSEL v. DEFENDANT ENVER BECIREVIC
### NEGLIGENCE

86.     Plaintiff incorporates herein by reference, the allegations contained in paragraphs 1 through 85 of the Complaint as if the same were fully set forth herein at length.

87.     The negligence, carelessness, and recklessness of the Defendant Becirevic consisted of the following:

  a.     operating his motor vehicle at a high, dangerous, and excessive rate of speed under the circumstances;

  b.     failure to operate his vehicle with due regard for the rights and safety of the Plaintiffs;

  c.     failure to exercise due care and caution under the circumstances;

  d.     failure to keep his vehicle under proper control;

  e.     failing to operate his vehicle in accordance with existing traffic conditions and traffic controls;

  f.     failure to operate his vehicle at a safe speed;

  g.     failure to abide by the laws of the Commonwealth of Pennsylvania and applicable provisions of the Federal Motor Carrier Safety Regulations;

  h.     operating his motor vehicle without due regard to the rights, safety, and position of Plaintiff and other drivers on the roadway;

- 21 -

Case ID: 110501293

    i.        illegally or improperly operating his vehicle while performing duties for

                  purposes of his employment;

    j.        failure to keep his motor vehicle under proper and adequate control at all

                  times;

    k.       failure to stop within the assured clear distance ahead;

    l.        following too closely

    m.      such other and further acts of negligence, carelessness and recklessness as

                  will be developed by future discovery in this case;

88.    As a direct and proximate result of the collisions and Defendant Becirevic's

negligence, carelessness, and recklessness, Plaintiff James Samsel sustained, inter alia, the severe and

disabling injuries outlined above which are averred to be permanent.

89.    All paragraphs of Plaintiff's Complaint relating to injuries and damages are

incorporated herein by reference and made a part hereof as if set forth in full.

90.    The injuries sustained by Plaintiff James Samsel were a direct and proximate result of

the aforesaid negligence of the Defendants and were not caused or contributed to by any conduct of

any of the Plaintiffs.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Becirevic in

an amount in excess of jurisdictional limits requiring compulsory arbitration, plus lawful interest and

costs, delay damages pursuant to Pa.R.C.P. 238, and any other relief as the Court may deem just and

equitable.

Case ID: 110501293

## COUNT XII
## PLAINTIFF JERRY BOWSER v. DEFENDANT ENVER BECIREVIC
## NEGLIGENCE

91.     Plaintiff incorporates herein by reference, the allegations contained in paragraphs 1 through 93 of the Complaint as if the same were fully set forth herein at length.

92.     The negligence, carelessness, and recklessness of the Defendant Becirevic consisted of the following:

a.      operating his motor vehicle at a high, dangerous, and excessive rate of speed under the circumstances;

b.      failure to operate his vehicle with due regard for the rights and safety of the Plaintiffs;

c.      failure to exercise due care and caution under the circumstances;

d.      failure to keep his vehicle under proper control;

e.      failing to operate his vehicle in accordance with existing traffic conditions and traffic controls;

f.      failure to operate his vehicle at a safe speed;

g.      failure to abide by the laws of the Commonwealth of Pennsylvania and applicable provisions of the Federal Motor Carrier Safety Regulations;

h.      operating his motor vehicle without due regard to the rights, safety, and position of Plaintiff and other drivers on the roadway;

i.      illegally or improperly operating his vehicle while performing duties for purposes of his employment;

j.      failure to keep his motor vehicle under proper and adequate control at all times;

Case ID: 110501293

k.    failure to stop within the assured clear distance ahead;

l.    following too closely

m.    such other and further acts of negligence, carelessness and recklessness as will be developed by future discovery in this case;

93.    As a direct and proximate result of the collisions and Defendant Becirevic's negligence, carelessness, and recklessness, Plaintiff Jerry Bowser sustained, inter alia, the severe and disabling injuries outlined above which are averred to be permanent.

94.    All paragraphs of Plaintiff's Complaint relating to injuries and damages are incorporated herein by reference and made a part hereof as if set forth in full.

95.    The injuries sustained by Plaintiff Jerry Bowser were a direct and proximate result of the aforesaid negligence of the Defendants and were not caused or contributed to by any conduct of any of the Plaintiffs.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Becirevic in an amount in excess of jurisdictional limits requiring compulsory arbitration, plus lawful interest and costs, delay damages pursuant to Pa.R.C.P. 238, and any other relief as the Court may deem just and equitable.

## COUNT XIII
## PLAINTIFF DELILAH BOWSER v. DEFENDANTS GUFFIE SWINK AND WESTERN EXPRESS, INC.
## LOSS OF CONSORTIUM

96.    Plaintiff, Delilah Bowser, incorporates by reference the allegations contained in paragraphs 1 through 95 inclusive as though the same were set forth herein at length.

97.    At all times pertinent hereto, Plaintiff Delilah Bowser was the lawful wife of Plaintiff Jerry Bowser.

Case ID: 110501293

98. As a further direct and proximate result of Defendants' liability producing conduct causing serious and permanent injuries to Plaintiff Jerry Bowser, Plaintiff Delilah Bowser has been caused to suffer the loss of services, society and companionship of her husband which will continue indefinitely into the future.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant Western Express, Inc., in an amount in excess of jurisdictional limits requiring compulsory arbitration, plus lawful interest and costs, delay damages pursuant to Pa.R.C.P. 238, punitive damages, and any other relief as the Court may deem just and equitable.

**COUNT XIV**
**PLAINTIFF AMY SAMSEL v. DEFENDANTS GUFFIE SWINK**
**AND WESTERN EXPRESS, INC.**
**LOSS OF CONSORTIUM**

99. Plaintiff Amy Samsel incorporates by reference the allegations contained in paragraphs 1 through 98 inclusive as though the same were set forth herein at length.

100. At all times pertinent hereto, Plaintiff Amy Samsel was the lawful wife of Plaintiff James Samsel.

101. As a further direct and proximate result of Defendants' liability producing conduct causing serious and permanent injuries to Plaintiff, James Samsel, Plaintiff, Amy Samsel has been caused to suffer the loss of services, society and companionship of her husband which will continue indefinitely into the future.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants Guffie Swink and Western Express, Inc., in an amount in excess of jurisdictional limits requiring compulsory arbitration, plus lawful interest and costs, delay damages pursuant to Pa.R.C.P. 238, punitive damages, and any other relief as the Court may deem just and equitable.

- 25 -

Case ID: 110501293

**COUNT XV**
**PLAINTIFF DELILAH BOWSER v. DEFENDANTS JAMES A. BENGE AND**
**WATSONTOWN TRUCKING COMPANY.**
**LOSS OF CONSORTIUM**

102.    Plaintiff Delilah Bowser incorporates by reference the allegations contained in paragraphs 1 through 103 inclusive as though the same were set forth herein at length.

103.    At all times pertinent hereto, Plaintiff Delilah Bowser was the lawful wife of Plaintiff Jerry Bowser.

104.    As a further direct and proximate result of Defendants' liability producing conduct causing serious and permanent injuries to Plaintiff Jerry Bowser, Plaintiff Delilah Bowser has been caused to suffer the loss of services, society and companionship of her husband which will continue indefinitely into the future.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant James Benge and Watsontown Trucking Company in an amount in excess of jurisdictional limits requiring compulsory arbitration, plus lawful interest and costs, delay damages pursuant to Pa.R.C.P. 238, punitive damages, and any other relief as the Court may deem just and equitable.

**COUNT XVI**
**PLAINTIFF AMY SAMSEL v. DEFENDANTS JAMES A. BENGE AND**
**WATSONTOWN TRUCKING COMPANY.**
**LOSS OF CONSORTIUM**

105.    Plaintiff Amy Samsel incorporates by reference the allegations contained in paragraphs 1 through 108 inclusive as though the same were set forth herein at length.

106.    At all times pertinent hereto, Plaintiff Amy Samsel was the lawful wife of Plaintiff James Samsel.

107.    As a further direct and proximate result of Defendants' liability producing conduct

- 26 -

causing serious and permanent injuries to Plaintiff James Samsel, Plaintiff Amy Samsel has been caused to suffer the loss of services, society and companionship of her husband which will continue indefinitely into the future.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant James Benge and Watsontown Trucking Company, in an amount in excess of jurisdictional limits requiring compulsory arbitration, plus lawful interest and costs, delay damages pursuant to Pa.R.C.P. 238, punitive damages, and any other relief as the Court may deem just and equitable.

**COUNT XVII**
**PLAINTIFF DELILAH BOWSER v. DEFENDANT ENVER BECIREVIC**
**LOSS OF CONSORTIUM**

108.    Plaintiff Delilah Bowser incorporates by reference the allegations contained in paragraphs 1 through 109 inclusive as though the same were set forth herein at length.

109.    At all times pertinent hereto, Plaintiff Delilah Bowser was the lawful wife of Plaintiff Jerry Bowser.

110.    As a further direct and proximate result of Defendant's liability producing conduct causing serious and permanent injuries to Plaintiff Jerry Bowser, Plaintiff Delilah Bowser has been caused to suffer the loss of services, society and companionship of her husband which will continue indefinitely into the future.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant Enver Becirevic, in an amount in excess of jurisdictional limits requiring compulsory arbitration, plus lawful interest and costs, delay damages pursuant to Pa.R.C.P. 238, punitive damages, and any other relief as the Court may deem just and equitable.

Case ID: 110501293

**COUNT XVIII**
**PLAINTIFF DELILAH BOWSER v. DEFENDANT ENVER BECIREVIC**
**LOSS OF CONSORTIUM**

111.    Plaintiff Amy Samsel incorporates by reference the allegations contained in paragraphs 1 through 113 inclusive as though the same were set forth herein at length.

112.    At all times pertinent hereto, Plaintiff Amy Samsel was the lawful wife of Plaintiff James Samsel.

113.    As a further direct and proximate result of Defendant's liability producing conduct causing serious and permanent injuries to Plaintiff James Samsel, Plaintiff Amy Samsel has been caused to suffer the loss of services, society and companionship of her husband which will continue indefinitely into the future.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant Enver Becirevic, in an amount in excess of jurisdictional limits requiring compulsory arbitration, plus lawful interest and costs, delay damages pursuant to Pa.R.C.P. 238, punitive damages, and any other relief as the Court may deem just and equitable.

Respectfully submitted,

**ANAPOL, SCHWARTZ, WEISS, COHAN,**
**FELDMAN & SMALLEY, P.C.**

Date: July 12, 2011          By:     /s/ James R. Ronca
                                     James R. Ronca, Esquire
                                     Michael C. Schafle, Esquire
                                     I.D. No. 25631/94298
                                     252 Boas Street
                                     Harrisburg, PA 17102
                                     (717) 901-3500
                                     Attorneys for Plaintiffs Jerry Bowser and
                                     Deliliah Bowser

- 28 -

**OSTROFF INJURY LAW**

Date:  July 12, 2011                    By:     */s/ Jonathan Ostroff*
                                                 Jonathan Ostroff, Esquire
                                                 I.D. NO. 57968
                                                 527 Plymouth Rd.
                                                 Plymouth Meeting, PA 19462
                                                 (610)279-7000
                                                 Attorneys for Plaintiffs James A Samsel and Amy L. Samsel

Case ID: 110501293

**CERTIFICATE OF SERVICE**

AND NOW, this 12th day of July, 2011, I, Shawn T. Peterson, hereby certify that I have

caused a true and correct copy of the foregoing document to be filed electronically with the Court of

Common Pleas, Philadelphia County (same is available for viewing and downloading from the ECF

system by all counsel of record); and via United States Mail, postage prepaid, addressed as follows:

> Enver Becirevic
> 1004 Bacon St.
> Utica, NY 13501
> (unrepresented Defendant)

**ANAPOL SCHWARTZ**

By: */s/ Shawn T. Peterson*
    Shawn T. Peterson, Paralegal
    252 Boas Street
    Harrisburg, PA  17102
    (717) 901-3500
    fax (717) 909-0300
    speterson@anapolschwartz.com

Case ID: 110501293

JOHN T. PION, ESQUIRE
MICHAEL F. NERONE, ESQUIRE
jpion@pionjohnston.com
mnerone@pionjohnston.com
PA I.D. # 43675
PA I.D. #62446
PION, JOHNSTON, NERONE GIRMAN,
CLEMENTS & SMITH, P.C.
1500 One Gateway Center
Pittsburgh, PA 15222
412-281-2288

Attorneys for Defendants James A. Benge
and Watsontown Trucking Company

| | |
|---|---|
| JERRY BOWSER and DELILAH BOWSER, Husband and Wife; JAMES A. SAMSEL and AMY L. SAMSEL, Husband and Wife, | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA |
| Plaintiffs, | TRIAL DIVISION, CIVIL |
| | No. 1105-1293 |
| v. | |
| WESTERN EXPRESS, INC., GUFFIE SWINK, IV, WATSONTOWN TRUCKING COMPANY, JAMES A. BENGE and ENVER BECIREVIC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## STIPULATION

AND NOW, come the Plaintiffs and Defendants James Benge and Watsontown Trucking

Company and do hereby stipulate and agree as follows:

1.      All causes of actions and claims by Plaintiffs James A. Samsel and Amy L.

Samsel against Defendants James A. Benge and Watsontown Trucking Company are hereby

stricken and dismissed with prejudice.

2.      All allegations and/or requests and/or demands for punitive damages asserted

against or seeking recovery from Defendants James A. Benge and Watsontown Trucking

Company are hereby stricken from the Complaint, the Amended Complaint and the Second

Amended Complaint.  Similarly, all allegations that Defendants James A. Benge and

Watsontown Trucking Company were reckless are hereby stricken from all of Plaintiffs'

Complaints.

**EXHIBIT**

**"B"**

Case ID: 110501293
Control No.: 11080020

3.    The allegations set forth in Paragraph 72 (b), (c), (d), (e), (g), (h), (i), (j), (m) of the Bowser Plaintiffs' Second Amended Complaint are hereby stricken and dismissed.

4.    Defendants James A. Benge and Watsontown Trucking Company hereby withdraw their Preliminary Objections to the Second Amended Complaint. Defendants James A. Benge and Watsontown Trucking Company further agree and stipulate that they will file a Praecipe to Withdraw said Preliminary Objections.

5.    Defendant Watsontown Trucking Company hereby stipulates and agrees that in 2008, 2009 and 2010 its business in Philadelphia County was in the amounts as outlined as set forth in the Affidavit of Albert J. Ouellette, a copy of which is attached hereto as Exhibit 1 and incorporated herein by reference.

ANAPOL, SCHWARTZ, WEISS, COHAN,
FELDMAN & SMALLEY, P.C.

By: _____
James R. Ronca, Esquire
Pa. J.D. #25631
252 Boas Street
Harrisburg, PA  17102

Attorneys for Plaintiffs
Jerry Bowser and Delilah Bowser


OSTROFF INJURY LAW

By _____
Jonathan Ostroff, Esquire
Pa. J.D. # 57968
527 Plymouth Road
Plymouth Meeting, PA  19462

Attorneys for Plaintiffs
James A. Samsel and Amy L. Samsel

PION,    JOHNSTON,    NERONE,    GIRMAN,
CLEMENTS & SMITH, P.C.

By: _____
John T. Pion, Esquire
Pa. I. D. #43675
Michael F. Nerone, Esquire
Pa. I.D. #62446
1500 One Gateway Center
Pittsburgh, PA 15222

Attorneys for Defendants, Watsontown Trucking
Company and James A. Benge

JERRY BOWSER and DELILAH BOWSER,     IN THE COURT OF COMMON PLEAS OF
Husband and Wife; JAMES A. SAMSEL and     PHILADELPHIA COUNTY,
AMY L. SAMSEL, Husband and Wife,     PENNSYLVANIA

            Plaintiffs,              TRIAL DIVISION, CIVIL

              v.                 No. 1105-1293

WESTERN EXPRESS, INC., GUFFIE
SWINK, IV, WATSONTOWN TRUCKING     **JURY TRIAL DEMANDED**
COMPANY, JAMES A. BENGE and ENVER
BECIREVIC,

            Defendants.

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF NORTHUMBERLAND

## AFFIDAVIT

     I, Albert J. Oullette, am the Director of Safety, of Watsontown Trucking Company and

based on my knowledge and information acquired from working in that capacity state as follows:

     1.      Watsontown Trucking Company's offices are located in Milton, Northumberland

County, Pennsylvania.

     2.      Watsontown Trucking Company does not maintain an office or telephone in

Philadelphia County, Pennsylvania.

     3.      Watsontown Trucking Company does not have any employees who are based in

or operate out of Philadelphia County, Pennsylvania.

     4.      Watsontown Trucking Company does not own, rent, or lease any real estate

situated within Philadelphia County, Pennsylvania.

     5.      Watsontown Trucking Company does not pay any taxes to any government or

municipality within Philadelphia County.

**EXHIBIT**

_1_

ID: 110501293

Case ID: 110501293

Control No.: 11080020

6. Watsontown Trucking does not advertise within Philadelphia County, Pennsylvania.

7. Watsontown Trucking Company operates within the contiguous 48 states.

8. Watsontown Trucking Company's operations require its trucks to travel into Philadelphia County to perform pickups and deliveries on a very limited basis.

9. In 2008, 0.3% of the total pickups and deliveries made by Watsontown Trucking Company were made in Philadelphia County. That year, Watsontown Trucking Company made a total of 109,445 pickups and deliveries in the United States. Of this total, Watsontown Trucking Company only made 334 pickups/deliveries in Philadelphia County.

10. In 2009, 1.15.% of the total pickups and deliveries made by Watsontown Trucking Company were made in Philadelphia County. That year, Watsontown Trucking Company made a total of 109,425 pickups and deliveries in the United States. Of this total, Watsontown Trucking Company only made 1,259 pickups/deliveries in Philadelphia County.

11. In 2010, 0.49% of the total pickups and deliveries made by Watsontown Trucking Company were made in Philadelphia County. That year, Watsontown Trucking Company made a total of 116,054 pickups and deliveries in the United States. Of this total, Watsontown Trucking Company made 576 pickups/deliveries in Philadelphia County.

FURTHER AFFIANT SAYETH NAUGHT,

Albert J. Ouellette
Director of Safety
Watsontown Trucking Company

Sworn to and subscribed to

Before me this _29th_ day

Of _July_, 2011

Notary Public

Case ID: 110501293
Control No.: 11080020
Case ID: 110501293
Control No.: 11080020

## <u>CERTIFICATE OF SERVICE</u>

I, John T. Pion, Esquire, hereby certify that true and correct copies of the foregoing Stipulation was served upon counsel of record and unrepresented parties via electronic filing and U.S. mail, postage prepaid, this 22nd day of August, 2011, as follows:

James A. Ronca, Esquire
Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley, P.C.
252 Boas Street
Harrisburg, PA 17102
jronca@anapolschwartz.com
*(Counsel for Plaintiffs Jerry Bowser and Delilah Bowser)*

Jonathan Ostroff, Esquire
Ostroff Injury Law
527 Plymouth Road
Plymouth Meeting, PA 19462
jostroff@ostroffinjurylaw.com
*(Counsel for Plaintiffs James A. Samsel and Amy L. Samsel)*

Elizabeth E. Deemer, Esquire
Levicoff, Silko & Deemer, P.C.
1900 Centre City Tower
650 Smithfield Street
Pittsburgh, PA 15222
LDeemer@LSANDD.net
*(Counsel for Defendants Western Express, Inc. and Guffie Swink, IV)*

Enver Becirevic
242 Bainbridge Circle
Dallas, GA 30132

PION, JOHNSTON, NERONE, GIRMAN,
CLEMENTS & SMITH, P.C.

By: /s/ John T. Pion
      John T. Pion, Esquire
      Michael F. Nerone, Esquire

1500 One Gateway Center
Pittsburgh, PA 15222
(412) 281-2288

Counsel for Defendants, Watsontown Trucking
Company and James A. Benge

Case ID: 110501293
Control No.: 11080020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY BOWSER and DELILAH BOWSER, husband and wife, and JAMES A. SAMSEL and AMY L. SAMSEL, husband and wife,<br><br>            Plaintiffs,<br><br>       vs.<br><br>WESTERN EXPRESS, INC., GUFFIE SWINK, IV, WATSONTOWN TRUCKING COMPANY, JAMES A. BENGE and ENVER BECIREVIC,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the **Notice of Removal** has been served on all parties of record, via first class U.S. mail, postage prepaid, on August 31, 2011, addressed as follows:

James R. Ronca, Esquire
Anapol Schwartz
252 Boas Street
Harrisburg, PA 17102

*(Counsel for Plaintiffs)*

Enver Becirevic
242 Bainbridge Circle
Dallas, GA 30132

Michael F. Nerone, Esquire
Pion, Johnston, Nerone, Girman,
   Clements & Smith, P.C.
1500 One Gateway Center
Pittsburgh, PA 15222-5402

*(Counsel for Defendants, Watsontown Trucking Company and James A. Benge)*

By_____
      Avrum Levicoff, Esquire
      PA I.D. #26044

*Attorneys for Defendants -- Western Express Inc. and Guffie Swink, IV*