# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES A. SAMSEL, et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 11-5525** |
| **WESTERN EXPRESS, INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

**AND NOW**, this _____ day of April, 2012, upon consideration of the Motion of Plaintiffs James A. Samsel, Amy L. Samsel, Jerry Bowser and Delilah Bowser to Remand Pursuant to 28 U.S.C. § 1447 (c) for Lack of Subject-Matter Jurisdiction (Doc. 5); the Response of Defendants Western Express, Inc. and Guffie Swink, IV (Doc. 9); Plaintiffs' Supplemental Brief in Support of their Motion to Remand (Doc. 100); and Defendants' Brief in Response to Plaintiffs' Supplemental Brief (Doc. 102), **IT IS HEREBY ORDERED** that:

      1.      Plaintiffs' Motion to Remand is **GRANTED**.[1]

---

[1] On September 2, 2011, Defendants filed a Notice of Removal from the Court of Common Pleas of Philadelphia County on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Doc. 1.) On September 28, 2011, Plaintiffs filed a Motion to Remand pursuant to 28 U.S.C. § 1447(c) (Doc. 5.) As Defendants are aware, a claim may be removed to federal court only if the action could have originally been filed there. 28 U.S.C. § 1441(a). If at any time before final judgment it is determined that a district court does not have subject-matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c).

It is clearly established that diversity jurisdiction requires that no plaintiff be a citizen of the same state as any defendant. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (citing Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267 (1806)). In the instant case, Plaintiffs James and Amy Samsel (the "Samsel Plaintiffs"), are citizens of the same state as Defendant Watsontown Trucking Company ("Watsontown Trucking") — Pennsylvania. Thus, this Court lacks subject-matter jurisdiction as there is not complete diversity of citizenship and this case must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

Defendants argue that 28 U.S.C. § 1367 provides supplemental jurisdiction over the Samsel Plaintiffs' claims because 28 U.S.C. § 1367(a) provides a broad grant of supplemental jurisdiction, and 28 U.S.C. § 1367(b) does not deny supplemental jurisdiction to non-diverse plaintiffs' claims if they are

2.       A certified copy of this Order shall be sent to the clerk of the state court pursuant to

28 U.S.C. § 1447(c).

3.       Defendants' Motion to Transfer Venue (Doc. 23) is **DENIED** as Moot.

4.       The Clerk of Court shall mark this case as **CLOSED** for statistical purposes.

**BY THE COURT:**

**/s/ Petrese B. Tucker**

_____

**Hon. Petrese B. Tucker, U.S.D.J.**

---

permissively joined pursuant to FED. R. CIV. P. 20 (Doc. 9 at 4-6.)  If this argument were correct, Strawbridge and its progeny would need to be overruled, a result which has not occurred.  In Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005), the Supreme Court held that in a diversity case, a district court does not have original jurisdiction over *any claim* unless there is complete diversity between all plaintiffs and defendants.  Thus, because there is not complete diversity in the present case, this court lacks original jurisdiction over the Bowser Plaintiffs' claims and supplemental jurisdiction affords no basis for the Samsel Plaintiffs' claims.

Defendants' motion to remove also fails for another reason.  Although neither party raised this in their briefs, a diversity case cannot be removed to federal court if any defendant is a citizen of the forum state.  28 U.S.C. § 1441(b).  Here, this statute precludes removal because Watsonville Trucking is a citizen of the forum state.

Defendants alternatively argue that should this Court determine that it does not have subject matter jurisdiction in this action, which it has, it should remand only the Samsel Plaintiffs' claims and allow the Bowser Plaintiffs' claims to remain in federal court.  (Doc. 9 at 6.)  This Court declines that invitation.  Judicial economy would be better served by conducting this litigation, which centers on a multi-vehicle accident, in one court as common questions of law and fact will determine who is responsible and who, if anyone, will pay for Plaintiffs' injuries.  Furthermore, this Court is without the authority to grant Defendants' request as such an action would be patently contrary to 28 U.S.C. § 1441(b).